```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/14/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
    :
Golden Loop, LLC,    :
    :
            Plaintiff,    :
    :      25-cv-2469 (LJL)
        -v-    :
    :      MEMORANDUM &
Live Nation Entertainment, Inc.,    :      ORDER
    :
            Defendant.    :
                                                                 X
---------------------------------------------------------------

LEWIS J. LIMAN, United States District Judge:

    On August 5, 2025, the Court ordered the parties to show cause why the action should not be dismissed for lack of subject-matter jurisdiction. Dkt. No. 12. The order was prompted by Plaintiff's response to a July 28, 2025, order by the Court requiring the Plaintiff, a limited liability company, to identify its members. Plaintiff responded to that Order to Show Cause on August 4, 2025, and stated that Golden Loop LLC's sole member, Gary Brifil, was at all relevant times a citizen of New York. Dkt. No. 11-1. Plaintiff's complaint alleged that Defendant Live Nation Entertainment, Inc. was a corporation formed pursuant to the laws of California with its headquarters in New York. Dkt. No. 1 ¶ 2. The sole basis for subject matter jurisdiction alleged by Plaintiff was diversity jurisdiction, 28 U.S.C. § 1332. *Id.* ¶ 3. For the purposes of diversity jurisdiction, a limited liability company "takes the citizenship of all its members." *Platinum-Montaur Life Sciences, LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 615 (2d Cir. 2019). It therefore appeared that, with New York citizens as Plaintiff and Defendant, the Court lacked subject matter jurisdiction.

    In response to the August 5, 2025, order, Plaintiff states that it had alleged Defendant's

New York headquarters in error, and that in fact the principal office and corporate headquarters of Live Nation Entertainment, Inc. are in California.  Dkt. No. 13 ¶¶ 3–4.  It attached as well a 2024 report from Live Nation showing the same.  Dkt. No. 13-1 at 8.

Based on this declaration and the attached exhibit, the Court has diversity jurisdiction.  28 U.S.C. § 1332(a)(2).

"A plaintiff premising federal jurisdiction on diversity of citizenship is required to include in its complaint adequate allegations to show that the district court has subject matter jurisdiction."  *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 64 (2d Cir. 2009).  However, "where the facts necessary to the establishment of diversity jurisdiction are subsequently determined to have obtained all along, a federal court may . . . deem the pleadings amended so as to properly allege diversity jurisdiction" "when the record as a whole, as supplemented, establishes the existence of the requisite diversity of citizenship between the parties."  *Id.* (citing *Canedy v. Liberty Mutual Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997)); *see OVES Enterprise, SRL v. NOWwith Ventures, Inc.*, 2024 WL 4635399, at * 3 (S.D.N.Y. Oct. 31, 2024).  The record here demonstrates the requisite diversity of citizenship and presence of subject matter jurisdiction, and so the Court deems the complaint to be amended to properly allege diversity jurisdiction.

SO ORDERED.

Dated: August 14, 2025
      New York, New York

                                        LEWIS J. LIMAN
                                     United States District Judge